**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LEEWAY PROPERTIES, INC.** | * | **CIVIL ACTION NO. 11-2628** |
| **Plaintiff** | * | |
| | * | **SECTION: H** |
| | * | **JUDGE JANE TRICHE MILAZZO** |
| **VERSUS** | * | |
| | * | |
| | * | **MAGISTRATE: 3** |
| **JONESFILM, ET AL** | * | **MAG. DANIEL KNOWLES, III** |
| **Defendants** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER AND REASONS

The matters before the Court are a Motion for Summary Judgment filed by Jonesfilm (Doc. 29); a Motion to Dismiss for Lack of Jurisdiction filed by Peter Hoffman (Doc. 30); and a Motion to Voluntarily Dismiss filed by Leeway Properties, Inc. (Doc. 31).  For the following reasons, the Motion for Summary Judgment is GRANTED, the Motion to Dismiss for Lack of Jurisdiction is DENIED and the Motion to Voluntarily Dismiss is DENIED.

1

**BACKGROUND**

On March 18, 2005 Jonesfilm obtained a judgment from the Los Angeles Superior Court against Peter Hoffman in the amount of $290,911.00, plus interest from the date of July 20, 2004 at the rate of ten percent per annum until paid.  On January 19, 2006 Jonesfilm filed a Petition with the Orleans Parish District Court to have that Judgment made executory in Louisiana.  The Court granted the motion and the California judgment was made executory and filed in the Orleans Parish Mortgage Records on March 15, 2006.

On July 29, 2011 Jonesfilm requested a writ of *fieri facias* for the seizure and sale of certain properties located at 910 and 912 Royal Street in New Orleans, Louisiana ("Subject Property").  The Court granted the writ on August 10, 2011.  On October 14, 2011 Leeway Properties, Inc. ("Leeway") filed a petition for injunctive relief against Jonesfilm and Peter Hoffman in the Civil District Court, Parish of Orleans, requesting the Court to stay the foreclosure of the Subject Property. Jonesfilm removed the action to this court on October 19, 2011. This Court subsequently denied Leeway's Motion for preliminary injunction on November 8, 2011.

Following this Court's November 8, 2011 ruling, payment was voluntarily made to Jonesfilm prior to the scheduled November 27, 2011 sheriff's sale thereby averting the sale. Jonesfilm subsequently filed, recorded, and served a Satisfaction of the Louisiana Court's March 14, 2006 Judgment and recorded a Cancellation of that Judgment in the Orleans Parish Mortgage Records on December 21, 2011.

On December 28, 2011 Jonesfilm filed a Motion for Summary Judgment.  (Doc. 29.)  No opposition was filed by the Plaintiff.  On January 24, 2012 Peter Hoffman filed a Motion to Dismiss for Lack of Jurisdiction.  (Doc. 30.)  Jonesfilm opposed this Motion on February 7, 2012.  (Doc. 32.) On January 26, 2012 Leeway filed a Motion for Voluntary Dismissal.  (Doc. 31.)  Jonesfilm opposed that Motion on February 7, 2012.  (Doc. 33.)

**LAW AND ANALYSIS**

*I. Jonesfilm's Motion for Summary Judgment and Leeway's Motion for Voluntary Dismissal*

Before the Court is Defendant Jonesfilm's Motion for Summary Judgment (Doc. 29) and Plaintiff Leeway's Motion for Voluntary Dismissal (Doc. 31).  The essence of the parties' Motions is to have the Court decide whether or not Plaintiff's claims should be dismissed with or without prejudice.  For the following reasons, Jonesfilm's Motion for Summary Judgment is granted and Plaintiff's claims are dismissed with prejudice.

A. Legal Standards

i. Summary Judgment

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).

3

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997).  After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The non-movant's burden, however is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### ii. Voluntary Dismissal

Rule 41(a) governs voluntary dismissals. *See* Fed. R. Civ. P. 41.  Specifically, Rule 41 provides that a plaintiff may voluntarily dismiss without a court order only when the notice of dismissal has been filed before the opposing party serves either an answer or a motion for summary judgment or when there is a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). Federal Rule 41(a)(2) provides the guidelines for a voluntary dismissal with a court order.  "Except as provided Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

A unilateral motion to voluntarily dismiss an action "[i]s permissible only before the

defendant has filed an answer or a motion for summary judgment." *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979).  The theory behind this rule is that once a defendant "[h]as become actively engaged in the defense of a suit, he is entitled to have the case adjudicated" and therefore, the case cannot "[b]e terminated without either his consent, permission of the court, or a dismissal with prejudice that assures him against the renewal of hostilities." *Id.* Ultimately, "[a]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).

   B. <u>Analysis</u>

  Jonesfilm argues that Leeway's petition for injunctive, declaratory and injunctive relief should be dismissed with prejudice. (Doc. 29.) Jonesfilm notes that the Court has already decided the only legal issues under Leeway's Petition when it denied Leeway's preliminary injunction. (*Id.*) Jonesfilm further contends that any objection to the judicial mortgage has been waived and is moot because Leeway paid the full amount of the judgment and Jonesfilm subsequently served the Satisfaction of the Judgment and recorded the Cancellation of the Judgment. (*Id.*) Leeway did not oppose Jonesfilm's Motion, however did file a Motion for Voluntary Dismissal. (Doc. 31.)  In its Motion for Voluntary Dismissal Leeway agrees that their Petition for Injunction is moot, however argues that the Court should grant their Motion and dismiss the case without prejudice. (Doc. 31-1

at 3.)

Due to the fact that the parties agree that the Court has decided the only legal questions relevant to Leeway's Petition, dismissal of Leeway's action is appropriate. Thus, the only real question before the Court is whether to grant Jonesfilm's Motion for Summary Judgment or Leeway's Motion for Voluntary Dismissal.

This Court finds that Jonesfilm's first filed Motion for Summary Judgment is adequate in showing that there is no genuine dispute of material fact and that Jonesfilm is entitled to judgment as a matter of law. On the other hand, while a plaintiff is precluded "from dismissing a lawsuit without the court's permission if either an answer or a motion for summary judgment has been served on the plaintiff and the defendant does not consent," voluntary dismissal should be freely granted "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Hyde v. Hoffmann-La Roche, Inc*., 511 F.3d 506, 508 (5th Cir. 2007) (internal citations omitted). Thus, the Court must determine if Jonesfilm will suffer "plain legal prejudice" if this suit is not dismissed with prejudice.

"Although the mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice," when a plaintiff does not seek dismissal until "[a]fter the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (quoting *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th

Cir. 1991)).  In making this determination the court may consider "[w]hether the suit is still in the pretrial stages; whether the parties have filed numerous pleadings and memoranda, have attended conferences, and whether prior court determinations were adverse to the plaintiff; or whether hearings have been held, whether any defendants have been dismissed on summary judgment, and whether the parties have undertaken significant discovery."  *Oxford v. Williams Companies, Inc.*, 154 F. Supp. 2d 942, 951-952 (E.D. Tex. 2001) (citing various cases)[1].

While only three months may have passed between Leeway's initial Petition and its Motion for Voluntary Dismissal, the parties and this Court have already devoted substantial time and effort in this action, namely the briefing, argument, and hearing leading up to this Court's November 8, 2011 Order denying the preliminary injunction. Leeway has since then filed a new action in state court that essentially seeks to re-litigate the same issue, the only difference being the new action seeks monetary damages rather than injunctive relief. This redundant action in state court risks yielding results inconsistent with the judgment of this Court, and further prejudices Jonesfilm by requiring it to devote additional time and resources to an already adjudicated issue to which it has already devoted substantial time and resources. Leeway has given no explanation as to why it desires voluntary dismissal of this action, but the law is clear that Leeway cannot use this procedural vehicle simply to avoid a potentially adverse ruling from Jonesfilm's pending Motion

---

[1] *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275-1276 (5th Cir. 1990); *Davis*, 936 F.2d at 199; *Hartford Accident & Indemnity Co. v. Coasta Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

for Summary Judgment. Under Rule 41, a court has discretion to deny voluntary dismissal once the defendant has served an answer or motion for summary judgment, both of which have been served here. In this case, both prejudice to Jonesfilm and judicial economy militate against granting Leeway's Motion for Voluntary Dismissal.  As such, Jonesfilm's Motion for Summary Judgment is granted and Leeway's Motion for Voluntary Dismissal is denied.

*II. Peter Hoffman's Motion to Dismiss for Lack of Jurisdiction*

Before the Court is Defendant Peter Hoffman's Motion to Dismiss for Lack of Personal Jurisdiction.  (Doc. 30.)  For the following reasons the Motion is denied.

A. <u>Legal Standard</u>

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).  When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the nonmoving party must only make a prima facie showing, and the court must accept as true the nonmover's allegations and resolve all factual disputes in its favor.  *Guidry v. U.S. Tobacco, Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999).  "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings." *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).  The Court may consider matters outside the

complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.  *Id.* (citing *Colwell Realty Investments v. Triple T. Inns of Arizona*, 785 F.2d 1330 (5th Cir.1986)).

"A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant."  *Pervasive Software, Inc. v. Lexware CMBG & Co. KG*, – F.3d –, No. 11-50097, 2012 WL 2948453, at *4 (5th Cir. July 20, 2012).  First, the forum state's long-arm statue must accord personal jurisdiction.  *Id.*  Second, the forum state's exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment.  *Id.* (citing *Mink v. AAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)).  Louisiana's long-arm statute extends jurisdiction to the full limits of due process.  *See* La. R.S. § 13:3201, *et seq.*  Thus, the Court's inquiry must focus on whether subjecting Peter Hoffman and SAFE to suit in Louisiana would be consistent with the Fourteenth Amendment.  *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 329 (1945)).  The Due Process Clause protects a corporation, as it does an individual.  *Int'l Shoe*, 326 U.S. at 319.  Ultimately, the Due Process clause permits the exercise of personal jurisdiction over a nonresident defendant when (1) a defendant has purposefully

availed itself of the benefits and projections of the forum state by establishing "minimum contacts" with the forum state; and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."  *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)(citing *Int'l Shoe*, 326 U.S. at 316).

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).  Specific personal jurisdiction exists when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state and the controversy arises out of or is related to those activities.  *Burger King*, 471 U.S. at 472.  General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether or not it is related to the plaintiff's cause of action.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987)).  The fairness inquiry is determined by analyzing several factors.  *Asahi*, 480 U.S. at 113.  These factors are: (1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in

furthering fundamental substantive social policies.  *Bullion v. Gillespie*, 895 F.2d 213, 216 n. 5 (5th

Cir. 1990) (internal citations omitted).

B. <u>Analysis</u>

Peter Hoffman ("Hoffman") alleges that this Court does not have in personam jurisdiction

over him with regard to Jonesfilm's counterclaim for attorneys fees.  (Doc. 30.)  Specifically, he

argues that the Court neither has specific jurisdiction, because jonesfilm's claims are not based on

actions Hoffman performed in Louisiana, nor general jurisdiction as Jonesfilm cannot meet the

difficult test of establishing that Hoffman has continuous and systematic contacts in Louisiana.  (*Id.*)

Jonesfilm opposes Hoffman's contentions and asserts that this Court has both specific and general

jurisdiction over him.  (Doc. 32.)

This Court has already found that it has general jurisdiction over Peter Hoffman.  *See*

*Jonesfilm v. Hoffman*, No. 11-1994, 2012 WL 4325461, at *4 (E.D. La. Sept. 20, 2012) (Peter

Hoffman "[h]as engaged in continuous and systematic contacts, both of a personal and business

nature, such that it would not be unconstitutional to exercise jurisdiction over him.") In that

decision, this Court noted that Peter's residency in Louisiana indicated a general submission to the

state's power.  *Id.*  The Court found that Hoffman "[n]ot only had continuous contacts with the

state of Louisiana, but [had] significantly benefitted from the state of Louisiana" both personally

and professionally. *Id.* at *5. Furthermore, this Court held "[t]hat the fairness inquiry lends in favor

of this Court having general personal jurisdiction over Peter [Hoffman]."  *Id.*  Ultimately, the Court

11

ruled "[t]hat the assertion of general personal jurisdiction over Peter [Hoffman] does not deprive him of his due process liberty interests and suit in this forum is proper." *Id.* For these reasons Hoffman's Motion is denied.

## CONCLUSION

For the foregoing reasons, Jonesfilm's Motion for Summary Judgment is GRANTED, Peter Hoffman's Motion to Dismiss for Lack of Jurisdiction is DENIED and Leeway Properties, Inc.'s Motion to Voluntarily Dismiss is DENIED.

New Orleans, Louisiana this 26th day of September, 2012.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**